Gary A. Zipkin
Josh Van Gorkom
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  gzipkin@guessrudd.com
E-mail:  jvangorkom@guessrudd.com

Attorneys for Wells Fargo Insurance Services USA, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FAMILY OUTREACH CENTER FOR UNDERSTANDING SPECIAL NEEDS, INC. dba FOCUS, INC.; CRAIG ROSE and JENNIFER ROSE, Individually, and on behalf of their minor children, M.R and K.R., <br><br>            Plaintiffs, <br><br>v. <br><br>WELLS FARGO INSURANCE SERVICES USA, INC., DOE AGENTS 1-10, and DOE CORPORATIONS 11-20, <br><br>            Defendants. | <br><br><br><br><br><br><br><br><br><br>United States District Court <br>Case No. 3:13-cv-_____ <br><br><br><br>Superior Court Case No. <br>3AN-13-08411 CI <br> |

NOTICE OF REMOVAL

To:   FOCUS, Inc., Craig Rose, and Jennifer Rose
      c/o Jon Buchholdt
      Jon Buchholdt Law
      731 I Street
      Anchorage, AK  99501

Notice of Removal
Focus, Inc., et al. v. Wells Fargo Ins. Services USA, Inc., et al., Case No. 3:13-cv- _____
Page 1 of 6
Case 3:13-cv-00174-JWS   Document 1   Filed 09/06/13   Page 1 of 6

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Wells Fargo Insurance Services USA, Inc. ("WFIS"), by and through its attorneys, Guess & Rudd P.C., hereby removes to this court the state court action described below.

I. Introduction

On July 23, 2013, Family Outreach Center for Understanding Special Needs, Inc. d/b/a FOCUS, Inc. ("Focus") and Craig and Jennifer Rose, Individually and on behalf of their minor children, M.R. and K.R., (collectively, "plaintiffs") filed, but did not serve on WFIS, a Complaint in the Superior Court for the Third Judicial District at Anchorage, Alaska, naming as defendants Acordia of Alaska, Inc., Wells Fargo Insurance Services of Alaska, Inc., WFIS, and 20 fictitious "Doe" parties: "Doe Agents 1-10" and "Doe Corporations 11-20". Then, on August 9, plaintiffs served on WFIS, but did not file with the state court, an Amended Complaint for Damages naming the same defendants. Finally, on August 22, plaintiffs served on WFIS a Second Amended Complaint for Damages, naming only WFIS and the 20 "Doe" parties as defendants. Plaintiffs filed their Second Amended Complaint with the state court on August 27. The Second Amended Complaint is captioned <u>FOCUS for Understanding Special Needs, Inc., et al. v. Wells Fargo Insurance Services USA, Inc., et al.</u>, Case No. 3AN-13-08411 CI.

The Second Amended Complaint alleges, among other things, that WFIS failed to properly advise Focus regarding insurance coverage for sexual abuse and/or molestation, that a Focus employee sexually molested the Roses' minor children, that Focus "had to pay the Roses $200,000 because the sexual abuse and/or molestation

Notice of Removal
Focus, Inc., et al. v. Wells Fargo Ins. Services USA, Inc., et al., Case No. 3:13-cv- _____
Page 2 of 6
Case 3:13-cv-00174-JWS   Document 1   Filed 09/06/13   Page 2 of 6

liability insurance [WFIS] sold Focus did not provide sufficient coverage for sexual abuse claims," and that "[t]he Roses were unable to recover adequately against Focus because of the insufficient insurance which [WFIS] sold to Focus."[1]

       This court has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity as between plaintiffs and the only named defendant, WFIS, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

       Pursuant to 28 U.S.C. § 1446, WFIS (1) has attached as Exhibit A to this Notice of Removal a copy of the Second Amended Complaint, (2) has filed this Notice of Removal within thirty days after receipt the amended pleading from which it could first ascertain that the case is one which has become removable (i.e., the Second Amended Complaint), and (3) will promptly give written notice of this Notice of Removal to plaintiffs and file a copy of this Notice of Removal with the clerk of the Superior Court for the Third Judicial District at Anchorage.

## II. Argument

### A. The Amount in Controversy Exceeds $75,000

As noted above, plaintiffs allege that Focus "had to pay the Roses $200,000 because the sexual abuse and/or molestation liability insurance [WFIS] sold Focus did not provide sufficient coverage for sexual abuse claims" and that "[t]he Roses were unable to recover adequately against Focus because of the insufficient insurance which

---

[1] See Exhibit A, Second Amended Complaint ¶¶ 10, 35, 43.

Notice of Removal
Focus, Inc., et al. v. Wells Fargo Ins. Services USA, Inc., et al., Case No. 3:13-cv-_____
Page 3 of 6

Case 3:13-cv-00174-JWS   Document 1   Filed 09/06/13   Page 3 of 6

[WFIS] sold to Focus."[2] Therefore, while plaintiffs did not demand a specific amount of damages in the Prayer for Relief in their Second Amended Complaint, there is no question that the amount in controversy is at least $200,000, plus whatever amount the Roses seek. The $75,000 amount in controversy requirement is satisfied.

### B. Complete Diversity Exists As to All Named Parties

As of the filing of the Second Amended Complaint, there exists complete diversity of citizenship between the named parties. The Second Amended Complaint alleges that Focus is an Alaska corporation and that the Roses are Alaska residents. The only named defendant, WFIS, is a North Carolina corporation with its principal place of business in Illinois. As such, WFIS is a citizen of North Carolina and Illinois for purposes of 28 U.S.C. § 1332.

The Second Amended Complaint also names as defendants "Doe Agents 1-10" and "Doe Corporations 11-20." Plaintiffs do not allege the citizenship of "Doe Corporations 11-20," but they allege that "Doe Agents 1-10" are "insurance agents involved in the sale of the insurance policy at issue to Focus" and "residents of the State of Alaska."[3] However, 28 U.S.C. § 1441(b)(1) provides, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Therefore,

---

[2] Id.

[3] Id. at ¶4.

Notice of Removal
Focus, Inc., et al. v. Wells Fargo Ins. Services USA, Inc., et al., Case No. 3:13-cv- _____
Page 4 of 6

Case 3:13-cv-00174-JWS   Document 1   Filed 09/06/13   Page 4 of 6

the citizenship of the "Doe" defendants must be disregarded. This action is removable on the basis of diversity of citizenship.

C.      This Notice of Removal Is Timely Filed

Under 28 U.S.C. § 1441(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper <u>from which it may first be ascertained that the case is one which is or has become removable</u>." (Emphasis added). Here, plaintiffs' original Complaint, which they filed in state court on July 23, was <u>not</u> removable. It named as defendants Acordia of Alaska, Inc. and Wells Fargo Insurance Services of Alaska, Inc., two former Alaska corporations that merged into WFIS before the events underlying this case. For the same reason, plaintiffs' Amended Complaint, which named the same defendants, was not removable.

The Second Amended Complaint, on the other hand, does <u>not</u> name Acordia of Alaska, Inc. or Wells Fargo Insurances Services of Alaska, Inc. It names only WFIS and the 20 "Doe" defendants. Because the Second Amended Complaint made this case removable, and because plaintiffs did not serve the Second Amended Complaint on WFIS until August 22, this Notice of Removal is timely under 28 U.S.C. § 1441(b)(3).

Notice of Removal
Focus, Inc., et al. v. Wells Fargo Ins. Services USA, Inc., et al., Case No. 3:13-cv-_____
Page 5 of 6
Case 3:13-cv-00174-JWS   Document 1   Filed 09/06/13   Page 5 of 6

### III. Conclusion

Because the substantive requirements of federal diversity jurisdiction have been fully satisfied, WFIS respectfully requests that this court assume full jurisdiction over this action.

DATED at Anchorage, Alaska, this 6th day of September, 2013.

        GUESS & RUDD P.C.
        Attorneys for Wells Fargo Insurance
        Services USA, Inc.

By: /s Gary A. Zipkin
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, AK 99501
    Phone: (907) 793-2200
    Fax: (907).793-2299
    E-Mail: gzipkin@guessrudd.com
    Alaska Bar No. 7505048

CERTIFICATE OF SERVICE
I hereby certify that on the 6th day of
September, 2013, a copy of the foregoing document
was mailed to :

Jon Buchholdt, Esq.
Jon Buchholdt Law
731 I Street
Anchorage, AK 99501

Michael A. Patterson, Esq.
Donald F. Austin, Esq.
Patterson Buchanann Fobes & Leitch, Inc.
2112 Third Avenue, Suite 500
Seattle, WA 98121

Guess & Rudd, P.C.


By: s/ Gary A. Zipkin
F:\DATA\4622\220\Pleadings\01 Notice of Removal.doc

Notice of Removal
Focus, Inc., et al. v. Wells Fargo Ins. Services USA, Inc., et al., Case No. 3:13-cv- _____
Page 6 of 6

Case 3:13-cv-00174-JWS   Document 1   Filed 09/06/13   Page 6 of 6