Michael A. Patterson, Pro Haec Vice
Donald F. Austin, Pro Haec Vice
Patterson Buchanan
Fobes & Leitch, Inc., P.S.
2112 Third Ave, Suite 500
Seattle, WA 98121
(206) 462-6700

Attorneys for Plaintiffs

Jon Buchholdt, ID No. 9206023
Jon Buchholdt Law
731 I St.
Anchorage, AK 99501
(907) 272-6777

Attorney for Plaintiffs

RECEIVED
AUG 2 6 2013
GUESS & RUDD P.C.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| FOCUS FOR UNDERSTANDING SPECIAL NEEDS, INC., dba FOCUS, INC.; CRAIG ROSE and JENNIFER ROSE, individually, and on behalf of their minor children, M.R. and K.R.;<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO INSURANCE SERVICES USA, INC., DOE AGENTS 1-10, and DOE CORPORATIONS 11-20,<br><br>Defendants. | Case No. 3AN-13-08411CI<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES |

Plaintiffs FAMILY OUTREACH CENTER FOR UNDERSTANDING SPECIAL NEEDS, INC., dba FOCUS, INC. ("Focus"); and CRAIG ROSE and JENNIFER ROSE, individually, and on behalf of their minor children, MICHAEL ROSE and KAYLA ROSE, (Roses); (collectively Plaintiffs); allege damages as a

– 1 –

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 1 of 17

Page 1 of 17

result of the failure of Defendant WELLS FARGO INSURANCE SERVICES USA, INC. (Wells Fargo) to properly advise Focus as Focus's insurance agent concerning insurance issues and failure to provide Focus with appropriate liability coverage for sexual abuse and/or molestation.

## Parties

1. Plaintiff Focus is a nonprofit corporation registered with the State of Alaska which provides quality-of-life-improving services to client families with disabled family members. Its physical address is in the Third Judicial District of the State of Alaska. Focus's limited assets are intended to benefit its mission and the families it serves.

2. Plaintiffs Craig and Jennifer Rose are the parents of minor children, M.R. and K.R. The Roses are residents of the Third Judicial District of the State of Alaska.

3. Defendant Wells Fargo Insurance Services USA, Inc., (Wells Fargo) is a business corporation registered with the State of Alaska, whose business activities, among other things, are described as insurance agents/brokers. Wells Fargo provides insurance agent services to companies in the Third Judicial District and has an office located in Anchorage, Alaska. On information and belief, there are two predecessor-in-interest corporations which preceded Wells Fargo and which are relevant to this case. Those entities are Wells Fargo Insurance Services of Alaska, Inc. and Acordia of Alaska, Inc. On information and belief, Acordia of Alaska, Inc. merged into Wells Fargo Insurance Services of Alaska, Inc. in

-2-

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700  Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 2 of 17

approximately 2006. On information and belief, Wells Fargo Insurance Services of Alaska, Inc. then merged with defendant Wells Fargo Insurance Services USA, Inc. (Wells Fargo) in 2009. Wells Fargo Insurance Services USA, Inc. (Wells Fargo) has successor liability for acts or omissions, if any, of Wells Fargo Insurance Services of Alaska, Inc. and Acordia of Alaska, Inc.

4. Doe Agents 1-10 are insurance agents involved in the sale of the insurance policy at issue to Focus of the insurance policy. On information and belief it is alleged that Doe Agents 1-10 are residents of the State of Alaska.

5. Doe corporations 11-20 are either subsidiaries, parent companies, or successors in interest of Wells Fargo, if any, and were involved in the sale to Focus of the insurance policy at issue in this case.

### Jurisdiction and Venue

6. The Court has subject matter jurisdiction over the subject matter of this action pursuant to AS 22.10.020, as it arises under the laws of the State of Alaska.

7. The Court has personal jurisdiction over all the parties as many of the events described herein took place in the Third Judicial District and Defendant Wells Fargo conducts business in the Third Judicial District.

8. Venue is proper under AS 22.10.030 and Alaska Rule of Civil Procedure 3.

/ / /

- 3 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 13 of 17
Page 3 of 17

## Background

9. During the Summer of 2010, Focus employed one Jacob Miller and assigned him as a caregiver to M.R. While providing care to M.R., Miller also provided caregiver services to K.R. Both M.R. and K.R. were school age disabled children under the age of 10.

10. In July and August 2010, Miller provided M.R. and K.R. caregiver services at the Rose home on multiple occasions. In early August 2010, Mrs. Rose learned that Miller had sexually molested both M.R. and K.R.

11. Miller was arrested, confessed to his criminal conduct of molesting both M.R. and K.R., was convicted of sexually abusing minors, and was sentenced to prison. Miller is currently in the custody of the State of Alaska Department of Corrections.

12. Before these incidents of sexual abuse and/or molestation, neither Focus nor the Roses had any notice that Miller was a risk or danger to children.

13. In 2011, the Roses presented Focus with a claim arising out of Miller's molestations of their children. The matter was mediated on September 25, 2012 before any complaint was filed.

14. The sexual abuse and/or molestation was neither authorized nor reasonably appeared to be authorized by Focus. However, the Roses asserted that the "aided-in-agency" theory of liability against Focus which imposes vicarious liability on entities for the tortuous sexual misconduct of an employee when through the employment the employee had access to the victim, even though the employee

— 4 —

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 4 of 17

acts outside the course and scope of his employment when committing the molestations. (*Ayuluk v. Red Oaks Assisted Living*, 201 P.3d 1183, 1199 (Alaska 2009).)

15. The Roses and Focus resolved their dispute at mediation, agreeing that Focus would partially assign its professional negligence claim against Wells Fargo to the Roses. (The Assignment.)

16. As part of the Assignment between the Roses and Focus, Focus's insurer paid the Roses $100,000.00, the full amount of liability coverage under the Policy. In addition, Focus's insurer paid the Roses $12,400.00 in Rule 82 attorneys' fees.

17. Additionally, Focus paid the Roses $200,000.00 from its own proceeds.

### First Cause of Action: Professional Negligence
### Focus Against Wells Fargo

18. Focus and the Roses re-allege the paragraphs set forth above.

19. Since 1978, Focus has provided quality-of-life-improving services for hundreds of disabled individuals and their families, usually at no cost to those families. Focus provides such services to families with disabled infants, disabled children, disabled adolescents, and disabled adult family members. Focus serves disabled individuals who have autism, intellectual disability (formerly called "mental retardation"), cognitive delays, down syndrome, fetal alcohol syndrome, and traumatic brain injuries. Focus is licensed as a Home and Community Based Waiver Provider and has specialized programs for disabled infants through its

- 5 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS Document 1-1 Filed 09/06/13 Page 5 of 17

Infant Learning Program. At all times relevant, Wells Fargo, through its agents selling Focus insurance coverage was generally aware of the nature and scope of Focus's business.

20. Services which Focus provides the disabled include the following: Home Support Services, Caregiver Services, Respite Services, Day Habilitation Services, Infant Learning Program, After School Program, Summer Camp, Art Program, and Supportive Employment Services for the disabled. In providing such services for disabled individuals, Focus employees must work one-to-one with disabled individuals, often without others present. Again, at all times relevant, Wells Fargo, through its agents selling Focus insurance coverage was generally aware of the nature and scope of services Focus provided.

21. Entities like Focus which provide care-giver services to children can be exposed to jury verdicts and settlements as a result of inappropriate sexual conduct by employees.

22. As part of its due diligence in operating a non-profit corporation that provides quality-of-life-improving services to families with disabled family members, between at least 2000 and 2009, Focus purchased liability insurance from Wells Fargo though Wells Fargo's agents.

23. Each year Focus and Wells Fargo updated Focus's liability insurance. The policy in effect during the time of the molestations described above was a Princeton E&S insurance policy. During the process of purchasing and renewing insurance, the Wells Fargo agent advised Focus that it needed insurance to protect

- 6 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS Document 1-1 Filed 09/06/13 Page 6 of 17 Page 6 of 17

it in situations of sexual abuse or sexual molestation. At Wells Fargo's agent's advice, Focus purchased Sexual Abuse or Molestation Liability Coverage (Sexual Molestation Coverage) from Wells Fargo with a coverage limitation of $100,000.00 per occurrence.

24. The practical implications of Focus's insurance limitations are apparent in sexual abuse verdicts and settlements around the nation and in *Ayuluk v. Red Oaks Assisted Living*, 201 P.3d 1183, 1199 (Alaska 2009).

25. Such sexual molestation settlements and verdicts in recent years for situations similar to the molestations alleged above are usually well above the $100,000.00 insurance coverage limitation of the Sexual Misconduct Coverage Wells Fargo provided to Focus. This is information which Wells Fargo, its agents, and underwriters, knew or should have known in selling Sexual Misconduct Coverage to its customers, including Focus. It is also information which Wells Fargo, its agents, and underwriters, knew or should have known that its customers would be unaware of.

26. In 2009, the Alaska Supreme Court validated the application of the "aided-in-agency theory" for sexual misconduct cases. The result of this decision is that an Alaska employer can be held strictly liable for the molestations of an employee, even where the employer had no notice or way of knowing that the employee had such tendencies, merely because the employee was aided in being able to molest the child by the agency relationship which put the employee with that child to begin with. (*See Ayuluk*, 201 P.3d at 199.)

- 7 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS Document 1-1 Filed 09/06/13 Page 17 of 17

27. At all times relevant, Wells Fargo held itself out to the public as an insurance agent with the degree of skill, expertise, and knowledge requisite to the profession. In working with Focus, Wells Fargo through its agents understood or should have understood the nature of the services Focus provided, most specifically that Focus employees would be working one-to-one with disabled individuals, often without others around.

28. At some time before 2010, Wells Fargo's agent(s) did the following which created a "special relationship" (*Peter v. Schumacher Enterprises, Inc.*, 22 P.3d 481, 486-88 (Alaska 2001) with Focus in the sale of Sexual Misconduct Coverage to Focus:

    a. The Wells Fargo agent took it upon herself to advise Focus to purchase the Sexual Misconduct Coverage;

    b. The Wells Fargo agent failed to advise Focus of any other options of limits available on the Sexual Misconduct Coverage;

    c. The Wells Fargo agent failed to advise Focus or any other insurance carriers which could offer adequate levels of sexual misconduct insurance; and

    d. The Wells Fargo agent determined the insurance carrier, policy, and amount of coverage with Sexual Misconduct Coverage that Focus would be purchasing resulting in the $100,000.00 policy limits on sexual misconduct.

- 8 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS Document 1-1 Filed 09/06/13 Page 8 of 17

29. After purchasing Sexual Misconduct Coverage, Focus believed that it was adequately covered by insurance for sexual abuse and molestation claims.

30. Because of the special relationship that existed between Wells Fargo and Focus, Wells Fargo owed Focus a duty of care in the sale of insurance to Wells Fargo, including in advising concerning appropriate levels of coverage and available coverage limits as well as alternatives to other insurance than the Sexual Misconduct Coverage with the $100,000.00 limits.

31. Because of the special relationship that existed between Wells Fargo and Focus, Wells Fargo through its agents owed Focus a duty of care, skill, and diligence to act in accordance with the standard of care of insurance agents providing businesses with specialized insurance to meet their business needs. This duty of care included appropriately advising Focus concerning the amount of liability coverage which would be prudent for sexual misconduct of its employees and calling to Focus's attention the fact that $100,000.00 insurance for sexual misconduct in Focus's situation would leave Focus underinsured for such claims.

32. Focus justifiably relied on Wells Fargo through its agents to provide it with adequate insurance coverage for sexual misconduct.

33. In providing insurance agent services to Focus, Wells Fargo, through its agents, breached its duty of care to Focus and failed to meet the standard of care for an insurance agent holding itself out to the public as having the degree of skill, expertise, and knowledge requisite to the profession in ways which include, but are not limited to the following:

- 9 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 9 of 17   Page 19 of 17

a. Not possessing reasonable knowledge and/or informing Focus of the types of policies and coverage available for sexual abuse or molestation.

b. Not knowing and and/or informing Focus that entities which through business necessity have employees working one-to-one with disabled children need to be insured in an amount greatly more than the $100,000.00 policy offered and suggested to Focus by Wells Fargo.

c. Not taking into account the Alaska Supreme Court's February 2009 determination that the "aided-in agency" theory applied to caregivers and their employers. (See *Ayuluk v. Red Oaks Assisted Living Inc.*, 201 P.3d 1183, 1199-1200 (Alaska 2009).)

d. Not informing Focus that Focus itself needed to determine the amount of sexual misconduct coverage it needed and that the agent should not be relied upon to do so.

34. Because of the negligence of Wells Fargo through its agents, Focus has been damaged. Focus's ability to successfully defend the claims asserted by the Roses was unfairly and unreasonably impaired. Focus had to pay $200,000.00 in resolving the underlying case with the Roses, and incurred attorneys' fees and costs, not all of which were covered by their insurance. Focus has also suffered general damages in relation to having to defend itself in a case with inadequate insurance.

35. Wells Fargo's breach was the proximate cause of Focus's injury. Focus suffered general and specific damages as a direct and proximate result of

- 10 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 10 of 17

the negligence by Wells Fargo and its agents. Focus had to pay the Roses $200,000.00 because the sexual abuse and/or molestation liability insurance Wells Fargo sold Focus did not provide sufficient coverage for sexual abuse claims, and unreasonably impaired Focus's ability to defend itself against such claims. But for the negligence of Wells Fargo and its agents, Focus would not have incurred the financial liability it did.

### Second Cause of Action: Negligent Training and Supervision of Employees
### Focus Against Wells Fargo and Its Agents

36. Focus and the Roses re-allege the paragraphs set forth above.

37. Wells Fargo owed a duty of care to its insurance customers to train and supervise their insurance agents who sold Sexual Misconduct Coverage to the public. That duty of care in the area of Sexual Misconduct Coverage included training agents either (a) to not advise customers as to the kind or amount of Sexual Misconduct Coverage to purchase, or (b) to properly advise customers as the risks of sexual misconduct verdicts, the risks of the *Ayuluk* case, and to provide optional coverage limits or optional policies with optional policy limits.

38. Wells Fargo failed to meet its duty of care in training and supervising the agents involved in the sale of Sexual Misconduct Coverage to Focus.

39. Focus incurred general and special damages which were directly and proximately caused by this breach.

### Third Cause of Action: Negligence
### The Roses Against Wells Fargo and Its Agents

40. Focus and the Roses re-allege the paragraphs set forth above.

- 11 –

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS Document 1-1 Filed 09/06/13 Page 11 of 17  Page 11 of 17

41. Wells Fargo owed the Roses a duty of care which existed outside of contract law in the area of tort law to operate in a fashion which would not foreseeably jeopardize members of the public when it sold insurance to companies like Focus.

42. This duty of care is based on the public policy of protecting children which is behind the *Ayuluk* case holding caregiver companies strictly liable for the sexual misconduct of their employees when the company provides the employee access to children who are molested.

43. The Roses were unable to recover adequately against Focus because of the insufficient insurance which Wells Fargo sold to Focus. Putting Focus out of business with a large verdict was not an option for the Roses as they knew that hundreds of local families depended on Focus to provide caregiver services to disabled members of those families.

44. The kind of situation that the Roses were in when they entered into their Assignment agreement with Focus was foreseeable to Wells Fargo at the time Wells Fargo sold Focus the Sexual Misconduct Coverage.

45. Wells Fargo breached its duty to the Roses alleged above in providing Focus with inadequate insurance coverage for sexual misconduct claims.

46. Wells Fargo's breach of duty to the Roses has caused each of the Roses damages, including special and general damages.

### Fourth Cause of Action: Equity
### Focus and the Roses Against Wells Fargo and Its Agents

47. Focus and the Roses re-allege the paragraphs set forth above.

- 12 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS  Document 1-1  Filed 09/06/13  Page 12 of 17

48. If the court determines that either Focus's or the Roses's negligence claim(s) against Wells Fargo is/are insufficient to provide the relief sought, then Focus and/or the Roses plead the following in the alternative.

49. Focus acted with clean hands and good faith in all its dealings with Wells Fargo. It resolved the molestation claim in good faith.

50. The Roses have acted with clean hands and in good faith in all its dealings alleged above. They ended their underlying claim against Focus with the Assignment compromising far more than they would have had Focus been properly insured. While the Roses could have sought additional relief against Focus's assets, the Roses did not want to jeopardize the services Focus provides to hundreds of local area families and therefore in compassion for those families resolved their claim with the Assignment.

51. Equitable principles apply in this case, including but not limited to:
    a. There is a remedy for every harm.
    b. When there is an inadequate remedy at law, equity will provide. See, e.g. *Knaebel v. Heiner*, 663 P.2d 551, 553 (Alaska 1983).
    c. No one should suffer by the act of another.
    d. He who takes the benefit must bear the burden.

52. In selling Focus insurance which because of the realities of jury verdicts and settlements would be insufficient for sexual abuse or molestation claims, Wells Fargo erred in ways which caused its innocent client, Focus, and the Roses to suffer.

- 13 –

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 13 of 17

53. Wells Fargo took benefit from the sale of the insurance to Focus and should therefore bear the burden of the damage caused to Focus and the Roses by the insufficient insurance.

54. If there is no adequate remedy at law, Focus and/or the Roses allege that principles of equity should provide them with relief.

### Fifth Cause of Action: Reformation
### Focus and the Roses Against Wells Fargo and Its Agents

55. Focus and the Roses re-allege the paragraphs set forth above.

56. Alaska courts recognize an expansive use of the tool of reformation to alter the terms of a contract when the interests of justice so require. *Fireman's Fund Mortgage Corp. v. Allstate Ins. Co.*, 838 P.2d 790, 797 (Alaska 1992) (citing *Vockner v. Erickson*, 712 P.2d 379, 383 (Alaska 1986)).

57. Focus and the Roses are entitled to reformation of the insurance contract based on Wells Fargo and its agents' negligent failure to inform or provide Focus with adequate sexual abuse coverage when Focus was justifiably relying on Wells Fargo to provide it with adequate coverage. Wells Fargo knew or should have known that the sale of a sexual abuse insurance policy that only covered $100,000 per occurrence was inadequate to cover the costs of a sexual abuse claim.

### Sixth Cause of Action: Equitable Estoppel
### Focus and the Roses Against Wells Fargo and Its Agents

58. Focus and the Roses re-allege the paragraphs set forth above.

59. Equitable estoppel applies where there is there is an assertion of a position by conduct or word, reasonable reliance thereon by another party, and

- 14 -

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 14 of 17

resulting prejudice. *Jamison v. Consol. Utils., Inc.*, 576 P.2d 97, 102 (Alaska 1978); cited by *Osterkamp v. Stiles*, 235 P.3d 193, 196 (Alaska 2010).

60. Wells Fargo and its agents asserted by their conduct that they had the degree of expertise and knowledge requisite to the insurance profession to provide Focus with adequate sexual abuse insurance coverage. This position was reasonably relied upon by Focus and resulted in prejudice to Focus when it was sold inadequate sexual abuse coverage.

## Prayer for Relief

The Roses and Focus pray that this court enter a judgment against Wells Fargo and its agents, jointly and severally, as follows:

a. For general damages, the exact amount of which will be established at trial, to compensate the Roses and Focus for the losses and damages attributable to the negligence of Wells Fargo;

b. For special damages, the exact amount of which will be established at trial, to compensate the Roses and Focus for the losses and damages attributable to the negligence of Wells Fargo;

c. For other damages as allowed by law, the exact amount of which will be established at trial, to compensate the Roses and Focus for the losses and damages attributable to the negligence of Wells Fargo;

d. For pre-judgment and post-judgment interest thereon;

- 15 –

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 15 of 17   Page 15 of 17

e. For reasonable attorney's fees and costs incurred in bringing this action, as provided by any applicable statute, contract, or recognized grounds in equity; and

f. For any further or additional relief that the court finds equitable, appropriate, or just.

Dated: August ____, 2013.

        JON BUCHHOLDT LAW

        By:_____
           Jon Buchholdt ID No. 9206023
           Attorney for Plaintiffs

Dated: August 21, 2013.

        PATTERSON BUCHANAN
        FOBES & LEITCH, INC., P.S.

        By:_____
           Michael A. Patterson, Pro Haec Vice
           Donald F. Austin, Pro Haec Vice
           Attorneys for Plaintiffs

– 16 –

Second Amended Complaint for Damages

281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.

2112 Third Avenue, Suite 500, Seattle WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 16 of 17

Page 16 of 17

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Alaska that on the below date I caused to be served upon counsel listed below in the manner indicated a true and correct copy or the original of the foregoing and attached document.

Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501

Via:
[X] U.S. Mail
[ ] Facsimile
[ ] Legal Messenger
[X] Email

Dated at Seattle, Washington, this 22nd day of August, 2013.

_____
Jennifer Friesen, Legal Assistant

- 17 -
Second Amended Complaint for Damages
281448.docx

PATTERSON BUCHANAN
FOBES & LEITCH, INC., P.S.
2112 Third Avenue, Suite 500, Seattle, WA 98121
Tel. 206.462.6700 · Fax 206.462.6701

Exhibit A
Page 17 of 17

Case 3:13-cv-00174-JWS   Document 1-1   Filed 09/06/13   Page 17 of 17